## Appeal of ASSOCIATED GAS & ELECTRIC CO.

Docket No. 2296.   Submitted May 6, 1925.   Decided June 30, 1925.

1. A liability accrues in the year in which demand for payment may be and is lawfully made.

2. Under the facts in this case, ownership of 68 per cent of the voting stock, unsupported by other conditions indicating control of the other stock, is not control of substantially all of the stock.

*Francis J. Sweeney, Esq.*, for the taxpayer.
*P. S. Crewe, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This appeal is from a determination of a deficiency in income and profits taxes for the year 1919 in the amount of $6,694.99.

The taxpayer submits the following assignments of error:

(*a*) The refusal of the Commissioner to allow a deduction of a fee paid to Day & Zimmerman, alleging same to have accrued in 1919.

(*b*) The refusal of the Commissioner to permit the filing of a consolidated tax return for the calendar year 1919 by the taxpayer herein and the Kentucky Public Service Co.

#### FINDINGS OF FACT.

The taxpayer was on the accrual basis in 1918 and 1919. Some time during the year 1918, exact time not determined, the taxpayer employed Day & Zimmerman to make an examination of the Associated Gas & Electric Co. and its subsidiaries, and make report to Montgomery & Co., bankers.

On January 31, 1919, the taxpayer received from Montgomery & Co. a bill or statement and entered the item on its journal, thus:

Surplus_____ $5,700
       Bills payable_____ $5,700

To record invoice of Day & Zimmerman dated 12/31–1918. For examination of Assoc. G. & E. Co. and subsidiaries and paid by Montgomery & Co. on January 9, 1919, and demand note @ 6% given to Montgomery & Co. Jan. 31–1919 by Assoc. G. & E. Co.

The demand note above referred to was paid by the taxpayer in 1919.

The taxpayer deducted said payment as a necessary expense in its income-tax return for the year 1919. There is no controversy as to the payment of this item or that it was a necessary expense. The Commissioner contends that it accrued in 1918 and should be allocated to that year's return.

On the question of affiliation, the Board finds that on January 1, 1919, the Kentucky Public Service Co. had capital stock outstanding as follows:

|  | Shares |
|---|---|
| Preferred stock | 4,250 |
| Common stock | 8,562 |

At that time the taxpayer owned stock of the Kentucky Public Service Co. as follows:

|  | Shares |
|---|---|
| Preferred stock | 4,250 |
| Common stock | 5,728 |

During the year 1919 taxpayer acquired 122 additional shares of the Kentucky Public Service Co. common stock. The minority common stock of the Kentucky Public Service Co. was held in small amounts by a number of persons widely scattered as to residence.

There was no evidence as to who, if anyone, voted any of said minority stock. The preferred stock carried no voting rights except as to placing encumbrance on the assets of the company on a parity with or superior to the outstanding preferred stock.

During the year 1919 the officers of the respective companies were as follows:

|  | Taxpayer company. | Kentucky Public Service Co. |
|---|---|---|
| President | J. H. Pardee | J. A. Mange. |
| Vice presidents | S. J. McGee | S. J. McGee. |
|  | I. Mange | C. A. Greonidge. |
|  | R. B. Marshall | T. W. Moffett. |
|  |  | H. D. Fitch. |
| Secretary-treasurer | T. W. Moffett | H. B. Brown. |
| Board of directors | William Dignan, jr | William Dignan, jr. |
|  | J. I. Mange | J. I. Mange. |
|  | R. B. Marshall | T. W. Moffett. |
|  | J. H. Pardee | J. H. Pardee. |
|  | R. L. Montgomery | H. D. Fitch. |
|  | J. G. White | C. A. Greonidge. |

### DECISION.

The deficiency should be recomputed in accordance with the following opinion.   Final determination of the Board will be settled on consent or on 10 days' notice, under Rule 50.

### OPINION.

LOVE: While it is an admitted fact that the services rendered by Day & Zimmerman were rendered during the year 1918, the bill for same was not made until December 31.   It was not paid by Montgomery & Co. until January 9, 1919, and not received by the taxpayer nor entered on its books in any manner until January 31, 1919.   It was not recognized by the taxpayer as an obligation until January 31, 1919, and hence the Board holds that that expense accrued in 1919.

On the question of affiliation, it will be noted that more than 31 per cent of the common stock of the Kentucky Public Service Co. was held by persons over whom the taxpayer exercised no control, and it was not shown that any stockholder of the taxpayer exercised any control over that minority stock.   It will also be noted that the preferred stock carried no voting rights, except for special purposes.   In these circumstances, a control of 68 per cent of stock, unsupported by other conditions, is not a control of substantially all of the stock.

The two corporations named were not affiliated during the year 1919.